**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH RANKINEN, | |
| Petitioner | CIVIL ACTION NO. 3:24-CV-01324 |
| v. | (MEHALCHICK, J.) |
| WARDEN, SCI-FOREST, | |
| Respondent. | |

**ORDER**

This case was closed after petitioner Joseph Rankinen elected to withdraw his *habeas corpus* petition pursuant to 28 U.S.C. § 2254 without prejudice. *See* (Doc. 18, Doc. 19). The Court has received a series of motions apparently submitted by Rankinen[1], which request a court order tolling the applicable limitations period, appointment of counsel "in preparation" for a renewed petition, and leave to proceed *in forma pauperis* on a renewed petition.

As an initial matter, Rankinen appears to have misinterpreted the Court's December 10, 2024, Notice of Election[2] as a determination that his initial petition was timely or that the time to file a petition had been tolled. *See* (Doc. 20 at 2) (Rankinen's request that the Court "[c]onfirm that the AEDPA limitations period remains tolled pursuant to" the Notice of Election).

---

[1] Rankinen would not be entitled to relief because the filings are unsigned, *see* Fed. R. Civ. P. 11(a). To clarify the status of the case, the Court will address the motions on the merits.

[2] The Notice of Election advised Rankinen that a petitioner's right to file a second or successive petition under 28 U.S.C. § 2254 is severely limited, and therefore, petitioners are typically unable to pursue grounds for relief that are not included in the initial petition. Rankinen was permitted 30 days in which he could withdraw the petition without prejudice to a single, all-inclusive petition. *See* (Doc. 12); *United States v. Miller*, 197 F.3d 644, 649 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414, 417 (3d Cir. 2000).

The Notice of Election provided that if "the limitations period *would expire* within 30 days" of the Notice, it would be tolled for a limited period while Rankinen determined whether to withdraw his petition. *See* (Doc. 12 at 2) (emphasis added). However, it is not apparent that this condition applied to Rankinen's case, because the respondent has contended that Rankinen's petition was filed "approximately two years after the last court action on July 1, 2022." *See* (Doc. 13 at 3). There are potential exceptions to the AEDPA's one-year limitation period, including for equitable tolling (*see Holland v. Florida*, 560 U.S. 631, 649 (2010)) and a showing of actual innocence (*see McQuiggin v. Perkins*, 569 U.S. 383 (2013)). However, with no petition pending, the Court cannot assess the application of these exceptions to Rankinen's unspecified future claim(s); for the same reasons, it would be premature to appoint counsel or grant *in forma pauperis* status.

Therefore, IT IS HEREBY ORDERED that all relief requested in Rankinen's pending motions (Doc. 20, Doc. 21, Doc. 22) is DENIED. The Court makes no finding as to the application of 28 U.S.C. § 2244(d), or any related exception, to any future petition by Rankinen.

Dated: May 4, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

2